FLORENCE MILLS *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Suffolk.    February 14, 1973. — March 22, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Summary judgment.    *Evidence,* Affidavit, Death certificate.

In an action of contract against an insurance company to recover accidental death benefits under a policy upon the life of the plaintiff's husband providing that "[n]o such Accidental . . . Death Benefit shall be payable if the injury or death results . . . directly or indirectly from . . . disease," an affidavit of the defendant's medical underwriter, filed in support of its motion for summary judgment under G. L. c. 231, § 59, asserting that the death certificate gave the cause of death of the insured as "Acute hepatic necrosis —

Cirrhosis — Alcoholism — Thermal burns — Accidental clothing fire from stove at home" and that "Cirrhosis is a disease of the liver," required findings that a disease was a cause of the insured's death, and that no genuine issue of material fact remained undecided; and a counter affidavit filed by the plaintiff's counsel merely stating that he expected to prove, by expert testimony, that the sole cause of the insured's death was accidental burns failed to show "specifically and clearly reasonable grounds for believing that contradiction can be presented at the trial but cannot be furnished by affidavits," and the defendant's motion for summary judgment was properly allowed. [189-192]

CONTRACT. Writ in the Superior Court dated November 12, 1970.

The action was tried before *Ponte, J.*

The case was submitted on briefs.

*Thomas C. Cameron* for the plaintiff.

*Douglas G. Moxham* for the defendant.

HALE, C.J.    This is an action of contract under which the plaintiff seeks to recover accidental death benefits under three insurance policies issued on the life of her late husband, John Mills. The answer of the defendant raises the defence that Mills' death did not occur as the result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means. The defendant has paid the death benefits under the policies but has refused to pay the amount claimed to be due under the accidental death provisions because of the exclusionary provision in each policy.[1]

The defendant filed a motion for summary judgment pursuant to the provisions of G. L. c. 231, § 59, and in support of that motion filed an affidavit of a medical underwriter employed by the defendant. The pertinent parts of this affidavit are set out below.[2]

---

[1] "No such Accidental Means Death Benefit shall be payable if the injury or death results (a) directly or indirectly from bodily or mental infirmity or disease, even though drowning or an injury contributed to the death or was the proximate or precipitating cause thereof; (b) directly or indirectly from medical or surgical treatment; (c) from suicide while sane or insane; or (d) from the voluntary or involuntary inhalation of carbon monoxide gas or of illuminating or fuel gas."

[2] "1. The document attached hereto and marked 'A' is an accurate copy of the policy of insurance which is referred to in Count 1 of the Plaintiff's Declara-

The plaintiff filed an affidavit in opposition to the defendant's motion which affidavit included by reference the death certificate of John Mills. The motion for summary judgment was allowed by a Superior Court judge "unless the plaintiff presents [a] proper counter affidavit . . . within twenty days." A second counter affidavit was filed and is set out below.[3] The motion for summary judgment was thereafter allowed and the plaintiff's exception to the allowance is now before us. The only issue is whether the motion for summary judgment with its supporting affidavit and the plaintiff's counter affidavits meet the requirements of G. L. c. 231, § 59.

We first turn our attention to the defendant's motion and its supporting affidavit. In order to be entitled to summary judgment, the moving party must affirmatively show that there is no real issue of fact. *Kesler* v. *Pritchard,* 362 Mass. 132, 134. Section 59 requires that the affiants on affidavits supporting a motion for summary judgment have "personal knowledge of admissible facts as to which it appears affirmatively that the affiants would be competent to testify." The only affidavit filed by the defendant bearing on the issue before us is the affidavit of William B. Merritt, the defendant's medical underwriter. (See fn. 2.) General Laws c. 46, § 19 [4] provides that the record of death shall be

---

tion. . . . 4. The death certificate of John Mills, the named insured in each of the . . . [policies], which was filed in the office of the City Registrar of the City of Boston, and is numbered 85628 states that the cause and manner of death of John Mills was: Acute hepatic necrosis — Cirrhosis — Alcoholism — Thermal burns — Accidental clothing fire from stove at home — Boston — 1-5-68. . . . 7. Cirrhosis is a disease of the liver . . . "

[3] "Now comes . . . being duly sworn, and says: 1. That I am counsel for plaintiff in the above-entitled action; 2. That in my belief there is a genuine issue of material fact in this action, to wit: the cause of death of plaintiff's decedent; 3. That plaintiff expects and intends to prove, to the satisfaction of a jury, by expert and lay testimony, that plaintiff's decedent's death was caused by accidental burns suffered eleven days previous, and that cirrhosis, alcoholism, and acute hepatic neurosis [sic] were not *causes,* even in part, of the death, but rather were merely *conditions* attendant at the time of death; 4. That plaintiff cannot at this time present the factual contradiction between the parties by contradictory affidavit of an expert, because plaintiff has not at this time formally retained its experts" (emphasis original).

[4] "The record of the town clerk relative to a birth, marriage or death shall be prima facie evidence of the facts recorded, but nothing contained in the record of a death which has reference to the question of liability for causing the death shall be

prima facie evidence of the facts recorded and that a certified copy of the record shall be admissible as evidence. See *Lydon* v. *Boston Elevated Railway Co.* 309 Mass. 205, 213; *Rappe* v. *Metropolitan Life Insurance Co.* 320 Mass. 376, 381-382; *Pahigian* v. *Manufacturers' Life Insurance Co.* 349 Mass. 78, 85. The death certificate was prima facie evidence that the causes of Mills' death were "Acute hepatic necrosis — Cirrhosis — Alcoholism — Thermal burns — Accidental clothing fire from stove at home — Boston — 1-5-68." Merritt's affidavit also asserts the fact that cirrhosis is a disease. Thus, as the record then stood, a trier of fact would have been required to find that at least one disease was the cause of, or contributed to, Mills' death and that no genuine issue of material fact remained to be decided.

We turn now to the question of the sufficiency of the counter affidavit (fn. 3). The statutory requirement that the opposing party (in this case the plaintiff) file an affidavit "on personal knowledge of admissible facts as to which it appears . . . that the affiants would be competent to testify," has not been satisfied. G. L. c. 231, § 59. The counter affidavit depends upon the expected testimony and facts within the knowledge of certain undisclosed experts and must, therefore, be treated under the alternative provision of the statute requiring the opposing party to file "an affidavit showing specifically and clearly reasonable grounds for believing that contradiction can be presented at the trial but cannot be furnished by affidavits." G. L. c. 231, § 59. The counter affidavit is deficient under this requirement.

In that affidavit, the plaintiff's counsel states that he intends and expects to prove, by expert testimony, that the sole cause of Mills' death was accidental burns. The affidavit is silent as to whether the plaintiff has consulted

admissible in evidence. A certificate of such a record, signed by the town clerk or assistant clerk, or a certificate of the copy of the record relative to a birth, marriage or death required to be kept in the state secretary's office, signed by said state secretary or one of his deputies, shall be admissible as evidence of such record. . . . "

with experts about the allegation. The counter affidavit, beyond this conclusory language, states neither the nature of the expected testimony nor the sources upon which it would be based. Under the facts of this case, we conclude that the plaintiff has failed to demonstrate "specifically and clearly reasonable grounds for believing" that she would be able to show contradiction at trial. See *Albre Marble & Tile Co. Inc.* v. *John Bowen Co. Inc.* 338 Mass. 394, 397. "The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial . . .." *Doral Country Club, Inc.* v. *O'Connor,* 355 Mass. 27, 30, quoting *Richard* v. *Credit Suisse,* 242 N. Y. 346, 350. We conclude that there was no error in allowing the defendant's motion for summary judgment.

*Exceptions overruled.*