COMMERCE BANK & TRUST COMPANY vs. CENTENNIAL
INSURANCE COMPANY.

Suffolk.  November 5, 1982. — March 4, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Summary judgment.  *Insurance,* Fire:  interest of mort-
gagee of personal property.

In an action by a bank, as loss payee, against the insurer which issued an
insurance policy covering loss by fire of a borrower's personal property
in which the bank held a security interest, the existence of issues of
material fact as to whether arson by certain principals of the borrower
had occurred precluded summary judgment in favor of the insurer.
[290]
This court expressed the view that, under the loss payable clause of a cer-
tain policy of insurance, a secured party could recover only so much as
the insured was entitled to recover.  [290-291]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 19, 1981.

The case was heard by *Zobel,* J., on a motion for sum-
mary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*David L. Rubin* for the plaintiff.

*Roger A. Emanuelson (Francis M. Lynch* with him) for
the defendant.

O'CONNOR, J.  This action was brought to compel the de-
fendant insurer to pay to the plaintiff bank, as a loss payee,
the proceeds of an insurance policy issued to Rocco's, Inc., a
clothing store in Worcester.  The insurer filed a motion to
dismiss the complaint for failure to state a claim upon which
relief can be granted, pursuant to Mass. R. Civ. P. 12 (b)
(6), 365 Mass. 754 (1974).  At a hearing on the motion to
dismiss, a judge of the Superior Court accepted certain doc-

uments presented to him by the bank, apparently without objection by the insurer, and, pursuant to Mass. R. Civ. P. 12 (b), treated the motion as one for summary judgment as provided in Mass. R. Civ. P. 56, 365 Mass. 824 (1974). The judge allowed the motion. We reverse.

We learn from the briefs that the bank made a loan to Rocco's, Inc., and took a security interest in the borrower's assets, including its inventory. The insurer issued a general comprehensive liability policy to Rocco's, Inc., covering the personal property of that company. The bank and Rocco's, Inc., were named as loss payees. While the policy was in effect, a fire destroyed the assets covered by the policy. The bank demanded payment and the insurer refused on the ground that it suspected arson on the part of certain principals of Rocco's, Inc.

The bank contends that its rights are independent of the rights of Rocco's, Inc.; that it has a right to the insurance proceeds regardless of arson, for which it was not responsible. The insurer takes a contrary position. We need not decide the issue, because in either event the insurer was not entitled to summary judgment.

Massachusetts R. Civ. P. 56 (c), 365 Mass. 824 (1974), provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Even if the bank's rights depend on the right of Rocco's, Inc., to recover, as the insurer contends, the insurer is liable to Rocco's, Inc., and to the bank, in the absence of arson. Whether arson by the principals of Rocco's, Inc., occurred is an unresolved genuine issue of material fact which prevents the entry of summary judgment for the insurer.

Although we need not decide whether the bank's rights are independent of the rights of Rocco's, Inc., the parties have briefed the question, so we will briefly state our views. *Dorfman* v. *Allen,* 386 Mass. 136, 138 (1982). The loss pay-

able clause provides: "Loss, if any, shall be adjusted with the Insured and shall be payable to the Insured and Commerce Bank & Trust Company." Under such a clause the loss payee, who is not the insured, but is only a designated payee, can recover only what the insured is entitled to recover under the contract. *Franklin Sav. Inst.* v. *Central Mut. Fire Ins. Co.*, 119 Mass. 240, 240-241 (1876). See 5A J.A. Appleman, Insurance Law and Practice § 3401 (1970); 10A R.A. Anderson, Couch's Cyclopedia of Insurance Law §§ 42:702, 42:705 (2d ed. 1982). The bank's position is not aided by G. L. c. 175, § 99. That statute applies to mortgagees of real estate only. *Landford* v. *Universal Ins. Co.*, 282 Mass. 323, 327 (1933). The bank's contention that it is constitutionally entitled to the same protection as the mortgagee of real estate is without merit.

*Judgment reversed.*