441 So.2d 189 (1983)
Virginia O. KIGHT, Appellant,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 83-131.
District Court of Appeal of Florida, Fifth District.
November 25, 1983.
Hale Baugh of Stromire, Westman, Lintz, Baugh, McKinley & Antoon, P.A., Cocoa, for appellant.
E. Peyton Hodges of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellee.
COWART, Judge.
This case involves whether a person injured in Florida by a non-resident motorist can acquire jurisdiction over a foreign liability insurer under section 48.193(1)(d), Florida Statutes (1981), merely because the liability policy issued in a foreign state provided coverage for risks anywhere in the United States.
Appellee, New Jersey Manufacturers Insurance Company, a foreign insurer, sold, in New Jersey, a motor vehicle policy to a New Jersey resident covering risks as to accidents occurring anywhere in the United States. Appellant Kight sued the non-resident insured and insurer in Florida as a result of an automobile accident occurring *190 in Florida and attempted to obtain service of process on the foreign insurer under the Florida long arm statute, section 48.193, Florida Statutes (1981). The foreign insurer's contractual obligations to defend its insured and to pay sums which its insured becomes legally liable to pay as a result of automobile accidents occurring anywhere in the United States is the only "contact" that the foreign insurer is alleged to have with or in the State of Florida.
Appellant appeals a non-final order quashing service of process attempted to be made on the foreign insurer under the Florida long arm statute. We affirm.
A foreign insurer's contract entered into in a foreign state insuring a foreign resident against liability resulting from an automobile accident occurring anywhere in the United States does not constitute such a minimum contact with all such states as is required by the federal constitutional due process requirement in order to confer in personam jurisdiction over the foreign insurer in any state where an accident may occur and liability arise. World-Wide Volkswagen, Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also, John E. Nettles, Truck Insurance Exchange, etc. v. White, 439 So.2d 1048 (Fla. 2d DCA 1983); Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475 (Fla. 2d DCA 1979), dism'd, 383 So.2d 1201 (Fla. 1980), Kentucky Farm Bureau Mutual Insurance Company v. Mills, 367 So.2d 673 (Fla. 2d DCA 1979), cert. den., 376 So.2d 74 (Fla. 1979).
We express direct conflict with National Grange Mutual Insurance Company v. Fondren, 433 So.2d 1276 (Fla. 4th DCA 1983).
AFFIRMED.
ORFINGER, C.J., and WATSON, Associate Judge, concur.