John Glenn PAYNE, Kita Susanne
Payne, husband and wife, and
Cincinnati Milacron, Inc., Respondents,

v.

MUTUAL FIRE AND AUTOMOBILE
INSURANCE COMPANY, Appellant.

### No. C9–85–1747.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Review Denied March 27, 1986.

Bradley Smith, Scheide, Stahnke & Smith, Eagan, for respondents.

William N. Majerus, Peterson & Treat, Minneapolis, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

FORSBERG, Presiding Judge.

This is an appeal from an order denying the motion of appellant Mutual Fire Insurance (Mutual Fire) to dismiss for lack of personal jurisdiction. Traditionally appealable as of right, see *Hunt v. Nevada State Bank*, 285 Minn. 77, 88–89, 172 N.W.2d 292, 299–300 (1969), *cert. denied sub nom Burke v. Hunt*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970), orders denying pretrial motions to dismiss for lack of jurisdiction are by practice extended discretion-

ary review. *See Miller v. City of St. Paul,* 363 N.W.2d 806, 809 (Minn.Ct.App.1985). We affirm.

## FACTS

On January 19, 1979, respondent John Glenn Payne was injured in an auto accident on Highway 12 in Washington County, Minnesota, when the car he was driving was struck by a truck owned by Reed Trucking, a hog and cattle hauler doing business in Iowa. Reed was insured by appellant Mutual Fire, an Iowa corporation, and also by Northland Insurance Companies. In November, 1979, Payne sued Reed in Dakota County District Court for personal injuries, his wife sued for loss of consortium, and the lessee of the car, Cincinnati Milacron, claimed damage to property.

The Paynes and Cincinnati Milacron obtained a default judgment in January, 1983, after Mutual Fire denied coverage and refused to defend the action. Northland also made no appearance; it later claimed lack of notice and moved to reopen the default judgment, but the motion was denied.

In January, 1985, the respondents brought this direct action against Mutual Fire, as Reed's insurer, claiming Mutual Fire was liable for the unpaid judgment obtained against its insured. Respondents also claimed a right to recover as third-party beneficiaries of the insurance policy. The complaint alleged that Mutual Fire "transacts business within the State of Minnesota."

Mutual brought a motion to dismiss for lack of personal jurisdiction, submitting an affidavit of its secretary and general manager, stating that

> [Mutual Fire] has never been licensed to conduct business in the State of Minnesota nor has said Company sold, advertised, officed or sent sales representatives in the State of Minnesota for the purpose of conducting activities or transacting business.

The insurance policy issued by Mutual Fire to Reed was not submitted to the trial court. The terms of the policy were argued to the court in opposition to the motion to dismiss, and the parties have agreed to inclusion of the policy in the record on appeal. *See* Minn.R.Civ.App.P. 110.05 (errors in transmission of the record may be corrected by stipulation).

The key term in the policy for jurisdictional purposes is a territorial limitation restricting coverage on Reed's vehicles to a 75-mile radius from Reed's principal place of business in Laurens, Iowa. Respondents in their argument to the trial court pointed out that Laurens, Iowa is less than 75 miles from the Minnesota-Iowa border, a fact not disputed by Mutual Fire.

The policy also provided coverage beyond the 75-mile radius if Reed notified Mutual Fire before the trip and obtained approval. The accident site is beyond the radius of coverage, but there is no indication in the record that Reed gave prior notice.

## ISSUE

Did the trial court err in denying appellant's motion to dismiss for lack of personal jurisdiction?

## ANALYSIS

In determining whether the exercise of personal jurisdiction over a non-resident accords with principles of due process, Minnesota applies a five-factor test:

> An analysis of minimum contacts requires consideration of (1) the quantity of contacts, (2) the nature and quality of contacts, (3) the source and connection of those contacts to the cause of action, (4) the interest of the forum state, and (5) the convenience of the parties.

*Dent-Air v. Beech Mountain Air Service,* 332 N.W.2d 904, 907 (Minn.1983).

The first three factors, focusing on the contacts between the defendant and the forum state, are given primary consideration. *Marquette National Bank v. Norris,* 270 N.W.2d 290, 295 (Minn.1978).

Appellant argues that an automobile insurance policy entered into in another state between a non-resident insured and a non-

resident insurer is not a sufficient contact to support jurisdiction when the insured travels into the state which is asserting jurisdiction. Case law in other jurisdictions lends support to this position, at least where there is no territorial limitation in the policy. *See, e.g., Kight v. New Jersey Manufacturers Insurance Company*, 441 So.2d 189, 190 (Fla.Dist.Ct.App.1983) (a foreign insurer's contract entered into in a foreign state insuring a foreign resident against liability resulting from an accident anywhere in United States does not alone constitute minimum contact); *United Farm Bureau Mutual Insurance Company v. U.S. Fidelity & Guaranty Company*, 501 Pa. 646, 462 A.2d 1300 (1983) (direct action brought by no-fault assigned risk carrier against foreign liability insurer in a state without no-fault law). *Cf. National Grange Mutual Insurance Company v. Fondren*, 433 So.2d 1276 (Fla.Dist.Ct. App.1983) (automobile insurer knowingly insuring without territorial limitation must anticipate litigation in other states) (conflict with *Kight* holding noted in *Kight*).

■ Respondents had the burden in the trial court of making a prima facie showing of sufficient contacts between Mutual Fire and the state of Minnesota to sustain the exercise of personal jurisdiction. *Dent-Air*, 332 N.W.2d at 906–07, 907 n. 1. While the record, outside the policy itself, is sparse, we believe such a showing of minimum contacts was made.

That parts of Minnesota lie within the 75-mile radius of Laurens, Iowa, which defined the scope of coverage under the policy, is a readily-ascertainable fact, not disputed at the trial court or on appeal. Although judicial notice should be taken with caution, *National Recruiters, Inc. v. Toro Company*, 343 N.W.2d 704, 708 (Minn.Ct. App.1984), we believe it is appropriate here. *See Loescher v. Policky*, 84 S.D. 477, 173 N.W.2d 50 (1969) (notice taken as to radius extending outside county covered by noncompete clause).

It is no doubt foreseeable to an automobile insurer that the insured vehicle will travel outside the state in which the insurer does business. As the Supreme Court stated, however, in finding no personal jurisdiction over a non-resident regional automobile distributor and a local dealer:

> "[F]oreseeability" alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.
>
> \*   \*   \*   \*   \*   \*
>
> This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. [citations omitted]

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296–98, 100 S.Ct. 559, 566–67, 62 L.Ed.2d 490 (1980).

The court in *World-Wide Volkswagen* also noted that a non-resident must "purposefully [avail] itself of the privilege of conducting activities within the forum State" or have some minimal contact beyond "the mere 'unilateral activity of those who claim some relationship with [the] non-resident defendant.'" *Id.* at 298–99, 100 S.Ct. at 567–68 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

Unlike the dealer and distributor in *World-Wide Volkswagen*, whose contact with Oklahoma arose through the fortuitous travels of their customer, Mutual Fire purposefully insured whatever travels Reed might undertake in one area of Minnesota through a territorial limitation extending into this state. Thus we need not decide whether the act of insuring the travelling tortfeasor is sufficient contact to afford personal jurisdiction. Since Mutual Fire's policy included a territorial limitation excluding all foreign jurisdictions except Minnesota, it need not be vulnerable to suit in all fifty states in order to be subject to the jurisdiction of Minnesota courts.

■ It is undisputed that the site of the accident involved in this action was beyond

the radius of coverage. Although respondents argue that Mutual Fire received the prior notice required by the policy, or waived it, they have shown no facts in support of this argument. We believe, however, that the act of purposefully insuring travel within this state was a contact of sufficient quality, and its inclusion within Reed's policy a sufficient connection to this action, to support the exercise of personal jurisdiction.

## DECISION

The trial court did not err in denying appellant's motion to dismiss for lack of personal jurisdiction.

Affirmed.