Brent ZIMMERMAN, Appellant,

v.

AMERICAN INTER–INSURANCE EXCHANGE, Defendant,

and

Globe American Casualty Co., Respondent.

No. C2–85–2156.

Court of Appeals of Minnesota.

May 13, 1986.

Timothy H. Chirhart, Joseph F. Wierschem, St. Cloud, for appellant.

Mark A. Gwinn, Barbara A. Burke, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order granting respondent Globe American Casualty Company's motion to dismiss for lack of personal jurisdiction. We affirm.

### FACTS

In April, 1983 respondent Globe American Casualty Company (Globe American) issued an automobile insurance policy through its agent in Iowa to appellant Brent Zimmerman, an Iowa resident. In the fall of 1983 Zimmerman left Iowa to attend St. Cloud State University in Minnesota.

On September 16, 1984, Zimmerman was seriously injured in an automobile-motorcycle accident in St. Cloud. He commenced a declaratory judgment action against Globe American in Minnesota seeking underinsured motorist benefits under provisions of the Minnesota No-Fault Act. The trial court dismissed the action for lack of personal jurisdiction and Zimmerman appeals.

### ISSUE

Did the trial court err in granting Globe American's motion to dismiss for lack of personal jurisdiction?

### ANALYSIS

1. Zimmerman argues four factors to establish that Globe American has sufficient minimum contacts with Minnesota for the exercise of personal jurisdiction: (1) Globe American, although not licensed to do business in Minnesota, could reasonably foresee being haled into court here because a substantial amount of its automobile insurance business is transacted in Iowa, a state bordering Minnesota; (2) Globe American's agent knew that Zimmerman resided in Minnesota during the school year and housed his insured car in this state while attending college; (3) Globe American shares with three other insurers who are licensed to do business in Minnesota a common parent corporation which directly or indirectly owns all shares of the stock of each insurer; (4) Minnesota has a strong interest in the litigation of this matter in its courts.

Minnesota interprets its long arm statute, see Minn.Stat. § 543.19, subd. 1(b) (1984), to extend personal jurisdiction in its courts to the limits of the due process clause of the fourteenth amendment. *Midwest Medical, Inc. v. Kremmling Medical-Surgical Associates*, 352 N.W.2d 59, 60 (Minn.Ct.App.1984) (citing *Toro Co. v. Ballas Liquidating Co.*, 572 F.2d 1267, 1269 (8th Cir.1978)).

Due process requires sufficient minimum contacts between the non-resident defendant and the forum state so that the exercise of jurisdiction complies with "traditional notions of fair play and substantial jus-

tice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The contacts must include "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

To determine jurisdiction over non-resident defendants, Minnesota follows the five factor test developed in *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965):

> An analysis of minimum contacts requires consideration of (1) the quantity of contacts, (2) the nature and quality of contacts, (3) the source and connection of those contacts to the cause of action, (4) the interest of the forum state, and (5) the convenience of the parties. The first three factors are the primary factors, with the last two deserving lesser consideration.

*Dent-Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904, 907 (Minn.1983) (citing *Aftanase* ).

█ Although Globe American is not licensed to do business in Minnesota, does not transact business in the state, and does not employ agents within the state, Zimmerman argues that by issuing insurance policies in a state which borders Minnesota, Globe American could or should have reasonably foreseen that it might be haled into the courts of Minnesota for accidents in this state involving its insured drivers.

Zimmerman relies heavily on *Rostad v. On-Deck, Inc.*, 372 N.W.2d 717 (Minn.1985), *cert. denied*, — U.S. —, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985), where the manufacturer of a metal weight designed to slip over the end of a baseball bat had no offices in Minnesota, owned no property in Minnesota, had no agent appointed in Minnesota, and was not licensed to do business in Minnesota. *Id.* at 718. The supreme court noted that although On-Deck may not have any direct contacts with this state, its indirect contacts could not be ignored. *Id.* at 721. These indirect contacts included deliberate efforts by On-Deck to market its product to consumers in Minnesota and distribute and sell its products through nationwide store chains located in this state. *Id.*

In affirming this court's grant of personal jurisdiction the *Rostad* court stated that "[a] manufacturer who places its product in the stream of commerce in an effort to serve, directly or indirectly, markets in a jurisdiction is subject to suit in that jurisdiction * * *." *Id.*

Zimmerman argues that Globe American's indirect contacts with Minnesota through its transaction of business in Iowa are similar in nature to those indirect contacts of the manufacturer in *Rostad*. However, there is no evidence here that Globe American issued insurance policies in Iowa with the expectation that they would be purchased by consumers in this state.

Although we found personal jurisdiction in *Payne v. Mutual Fire and Automobile Insurance Co.*, 381 N.W.2d 523 (Minn.Ct. App.1986), *pet. for rev. denied*, (Minn. Mar. 27, 1986), where an Iowa automobile insurer issued a policy specifically including a 75 mile territorial limitation on coverage extending into this state, this case is distinguishable because no contacts were created either by the language of the policy itself as in *Payne*, or by efforts to market Globe American's insurance in Minnesota.

█ The second contact Zimmerman maintains Globe American has with Minnesota is through its agent, who allegedly had notice that Zimmerman had moved to this state after the policy had been issued to him a year earlier. Although Globe American's agent may have known that Zimmerman resided in Minnesota during the school year, such notice cannot be considered a contact sufficient to confer personal jurisdiction over it by a Minnesota

court. In testing due process, it is the contacts between the non-resident defendant and the forum state that are determinative, not the contacts between plaintiff and the forum state.

■ Zimmerman next argues that Globe American is subject to the personal jurisdiction of a Minnesota court by virtue of its corporate relationship with other insurers licensed to do business in this state.

Globe American belongs to a group of six insurance companies owned either directly or indirectly by G.R.E. of America Corporation (GREA). Three of these six companies are licensed to do business, including writing automobile insurance, in Minnesota. GREA owns one hundred percent of the stock of Midwestern Fidelity Corporation, which in turn owns all of the shares of Tri-American Corporation, which in turn owns all of the shares of Globe American. None of these three companies is licensed to do business in Minnesota.

While it is true that a non-resident corporation may subject itself to jurisdiction in a state by virtue of the activities of its subsidiary company in that state, *see Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc.*, 519 F.2d 634, 637–38 (8th Cir.1975), the companies must be organized and operated so that one corporation is an instrumentality or alter-ego of the other corporation. *Scott v. Mego International, Inc.*, 519 F.Supp. 1118, 1126 (D.Minn.1981).

Here, there is no indication that either the subsidiaries licensed to do business in Minnesota or the parent corporation have exercised the type of control or dominance over Globe American necessary to subject it to the personal jurisdiction of a Minnesota court.

Globe American's contacts are solely with its owner Midwestern Fidelity Corporation not its parent corporation GREA. It is not managed by GREA. Globe American maintains separate offices, books and accounts. Its employees are not hired or paid by GREA.

Nor does Globe American have any contact with the three companies licensed to do business in Minnesota. All three are managed by a different company than Globe American, and maintain separate financial statements, agents, and bookkeeping records.

■ The final factor listed by Zimmerman is Minnesota's strong interest in litigating this matter in its courts. This factor standing alone, will not support personal jurisdiction.

### DECISION

The trial court's order granting Globe American's motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.