Doyle, P.J.
This is an action in tort to recover damages for the defendant’s alleged negligence in causing a fire on premises owned by the plaintiffs. The defendant has appealed the court’s Dist./Mun. Cts. R.Civ.P., Rule 56 allowance of summary judgment for the plaintiffs.
The plaintiffs’ successful summary judgment motion was predicated upon: the defendant’s answers to interrogatories; certain requests for admissions posited by the plaintiffs and unanswered by the defendant; and a signed statement given by the defendant to the Medford Fire Department. The defendant’s presumptive admissions and statement indicate that he had rented the garage premises in question for seven to eight years for the purpose of restoring antique cars. The defendant smoked and customarily disposed of his cigarettes by discarding them on the cement floor of the garage and then stepping on them. On the day of the fire in question, the defendant so *125 discarded one or more cigarettes. The defendant left the garage a short time before the fire alarm sounded. In his statement to the Medford Fire Department, the defendant opined that “possibly a cigarette had caused the fire. We could find no other reason.”
The defendant submitted an affidavit in opposition to the plaintiffs’ Rule 56 motion in which he identified as a triable issue the question of whether a cigarette he smoked was directly related to the fire.
The initial inquiry to be made in reviewing the allowance of a Rule 56 motion for summaryjudgment is whether the moving party has satisfied its burden of affirmatively demonstrating that “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Dist./Mun.Cts.R.Civ. P., Rule 56(c). See, generally, Attorney General v. Bailey, 386 Mass. 367, 370 (1982); Salem Bldg. Supply Co. v. J.B.L. Construc. Co., 10 Mass. app. Ct. 360, 364 (1980); Mills v. Prudential Ins. Co. of America, 1 Mass. App. Ct. 188, 190 (1973). This burden is rarely met in negligence actions which are characteristically replete with intrinsically factual issues. Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984). Such issues include causation which is an essential element of the plaintiff’s case for “negligence is without legal consequence unless it is a contributory cause of the injury.” Berardi v. Menicks, 340 Mass. 396, 400 (1960), quoting from Baggs v. Hirschfield, 293 Mass. 1. Causation ordinarily presents a question of fact, Mullins v. Pine Manor College, 389 Mass. 47,58 (1983); New England Mobile Book Fair, Inc. v. Boston, 2 Mass. App. Ct. 404, 411-412 (1974), the existence of which precludes summaryjudgment. See, e.g., Commerce Bank & Trust Co. v. Centennial Ins. Co., 388 Mass. 289, (1983) (question of arson as cause of fire required denial of Rule 56 motion).
The plaintiffs have failed to sustain their Rule 56 burden of establishing that the defendant’s negligence actually caused the fire and related damage to the garage premises, thereby eliminating causation as a factual issue in this case. Even assuming arguendo that the defendant’s manner of discarding cigarettes in the garage was negligent[2], no necessary causal connection between such negligence and the subsequent conflagration has been drawn by the plaintiffs. The plaintiffs have not advanced a scintilla of proof that the fire was even ignited by a discarded cigarette, much less one specifically discarded by the defendant. It maybe as easily surmised that the fire was the result of arson, or electrical wiring problems or a fuel explosion or the negligence of a third party. Any doubt as to the existence of a genuine causation issue should have been resolved in the defendant’s favor so as to have precluded summaryjudgment. Attorney General v. Bailey, at 371.
It is undeniable that at trial a plaintiff need not eliminate all other potential causes and is required to show only a “greater likelihood or probability that the harm complained of’ was attributable to the defendant’s breach of due care. Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 328-329 (1973).Summaryjudgment, however, requires a legal certainty derived from the elimination of all factual controversy. Only “when all the facts are established and there can be no reasonable difference as to the effect of them, [does] causation become a question of law.” Stamos v. Fleming, 345 Mass. 73, 76 (1962). The plaintiffs’ Rule 56 materials are devoid of any actual proof of causation. As a “further *126 exploration of the facts is necessary” as to this essential element of the plaintiffs’ cause of action, the plaintiffs’ motion for summaryjudgment should have been denied. Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 87 (1984).
There is no merit to the plaintiffs’ contention that they were entitled to summary judgment because of the paucity of the defendant’s opposing affidavit. Such contention misconstrues the mechanics of Rule 56 which does not shift the burden of establishing the existence of a fact issue to the non-moving party unless and until the moving party has first met its burden.
“The burden is on the moving party to establish that there is no dispute over a material fact. Failure to do so will “without more from his opponent, defeat his motion.’ Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976).”
Hopkins v. F. W. Woolworth Co., 11 Mass. App. Ct. 703, 707 (1981); Foley v. Matulewicz, at 1005.
The trial court’s allowance of the plaintiffs’ motion for summaryj udgment is vacated. An order denying said motion is to be entered. This case is remanded for trial.

 However, all inferences drawn are to be viewed in the light most favorable to the defendant who is opposing the motion herein. Coveney v. President & Tr., College of die Holy Cross, 388 Mass. 16, 17 (1983); Ferriter v. Daniel O'Connell’s Sons, Inc., 381 Mass. 507, 517 (1980); Hub Associates v. Goode, 357 Mass. 449, 451 (1970).