Merrick, J.
The plaintiff, Source One Financial Corporation (“Source One”), has appealed the dismissal of this action for lack of personal jurisdiction by the court over the defendant, Omni Insurance Group (“Omni”). Source One is a Massachusetts corporation located in Norwell, Massachusetts, engaged in the purchasing of retail installment contracts on used cars from used car dealers, and the collection of those obligations. As a part of that process, it ensures that it is named as the loss payee on insurance policies on those vehicles.
Omni is an insurer that sells automobile insurance in 16 states, including *143 Connecticut, but does not write insurance in Massachusetts.
Samantha Cannon (“Cannon”) of Stratford, Connecticut purchased a Connecticut Personal Auto Policy, Form 0906, Connecticut (01/09), from Omni, effective June 27, 2008 to June 27, 2009, that insured her two vehicles, including a 1998 BMW sedan. The policy was written through Housatonic Ins. & Financial Svcs. LLC in Bridgeport, Connecticut. Thereafter, the lien on the vehicle, held by the dealer who had financed the sale with a retail installment contract, was transferred to Source One. Effective October 16, 2008, the loss payee on the policy was amended to read “Source One Financial” at its Norwell address.
On June 3,2009, the BMW was involved in a collision in Bridgeport, Connecticut with a car operated by Ashley Mercado of Bridgeport, Connecticut, who was also insured by Omni. The BMW was reportedly a total loss. Omni asserted that Cannon did not report the accident until July 16, 2009. Following a demand by Source One, Omni made a settlement offer that Source One found inadequate. According to Source One, after some further dispute, Source One accepted Omni’s offer, but withdrew its acceptance on December 10, 2009 when Omni had still not paid the claim. From July 17, 2009 to date, there were, according to Source One, some 33 communications concerning the claim between Source One and Omni,[1] including letters or faxes, telephone conversations, and telephone messages, the bulk of them initiated by Source One and seven of which occurred after suit had been filed.
On February 5, 2010, Source One commenced this action against Omni in the Hingham District Court, and served Omni by mail pursuant to the long-arm statute, G.Lc. 223A Omni’s motion in response, to dismiss for want of personal jurisdiction under Mass. R. Civ. E, Rule 12(b) (2), was allowed. Source One has appealed that ruling.
Source One appears to rely on G.L.c. 223A, §3(a), which provides for the exercise of personal jurisdiction over a person arising from the person’s “transacting any business in this commonwealth.”[2] For purposes of asserting personal jurisdiction over a nonresident:
The governing principle is the fairness of subjecting a defendant to suit in a distant forum. Only if the nonresident defendant has such “minimum contacts” with the state “that the maintenance of the suit does not offend ‘traditional notions of fair play and justice,”’ or if the defendant has performed some act “by which [it] purposefully avails itself of the privilege of *144 conducting activities within the forum State, thus invoking the benefits and protections of its laws,” may the forum, consistently with due process, extend its long arm to embrace it.’ For the purpose of our examination here, these considerations coalesce around the following inquiry: whether there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action, (citations omitted).
Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 7 (1979).
“In determining whether a particular exercise of state-court jurisdiction is consistent with due process, the inquiry must focus on ‘the relationship among the defendant, the forum, and the litigation.’” Rush v. Savchuk, 444 U.S. 320, 327 (1980), quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977). “This tripartite relationship is defined by the defendant’s contacts with the forum state, not by the defendant’s contacts with residents of the forum.” West Am. Ins. Co. v. Westin, Inc., 337 N.W.2d 676, 679 (Minn. 1983).
Typically, in Massachusetts, the loss payee under a loss payee clause, as distinguished from a mortgagee on insured real estate, is not an insured, but is only a designated payee and may recover only what the insured is entitled to recover under the contract. Commerce Bank & Trust Co. v. Centennial Ins. Co., 388 Mass. 289, 291 (1983), citing Franklin San Inst. v. Central Mut. Fire Ins. Co., 119 Mass. 240, 240-241 (1876), 5AJ.A APPLEMAN, INSURANCE LAW AND PRACTICE §3401 (1970), and 10A A. A ANDERSON, COUCH’S CYCLOPEDIA OF INSURANCE LAW §§42:702, 42:705 (2d ed. 1982). The Connecticut Personal Auto Policy, Form 0906, Connecticut (01/09), however, the content of which is promulgated by regulation of the Connecticut Insurance Commissioner pursuant to Conn. Gen. Stat §38a-334, provides that the loss payee’s rights “shall not become invalid because of [the insured’s] fraudulent acts or omissions unless the loss results from [the insured’s] conversion, secretion or embezzlement” of the insured property. It is not, however, the nature of a plaintiff’s claim that determines the viability of personal jurisdiction, but “whether there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action.” Good Hope Indus., Inc., supra at 7.
It is certainly true, as Source One points out, that in “Automatic” Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441 (1972), the Court distinguished the case before it from one against an insurer:
This case is also to be distinguished from Wolfman v. Modern Life Ins. Co., 352 Mass. 356 (1967), where we emphasized that only the barest of contacts with the State are required for jurisdiction over insurers, the insurance field lending itself to the furthest extension of jurisdiction based on an isolated contact. We see a distinction in such cases because of the nature of interstate insurance business where such insurers commonly choose to do business across State lines.
Id. at 446.
That the “barest of contacts with the State” will suffice does not mean that person *145 al jurisdiction exists per se over an insurer, even in the absence of purposeful action availing itself of the privilege of conducting activities within the forum state. For example, the fact of an insured’s potential liability from accident in a state in which the insurer does not otherwise have “minimum contacts” does not give rise to personal jurisdiction over the liability insurer in the state. See, e.g., Taylor v. Fireman’s Fund Ins. Co., 778 P.2d 1328, 1332 (Ariz. 1989); Tennessee Farmers Mut. Ins. Co. v. Harris, 833 S.W.2d 850, 852-853 (Ky. App. 1992); Stewart v. Revnell, 542 So. 2d 655, 656-657 (La. App. 1989); Hall v. Scott, 416 So. 2d 223, 229-230 (La. App. 1982); Zimmerman v.American Inter-Ins. Exch., 386 N.W.2d 825, 827-828 (Minn. App. 1986); Colmon v. Maryland Auto. Ins. Fund, 574 A.2d 628, 630-631 (Pa. Super. Ct. 1990). The Court in “Automatic” Sprinkler twice quoted from the rule stated in Hanson v. Denckla, 357 U.S. 235 (1958) that “it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Id. at 253, cited in “Automatic” Sprinkler Corp. of Am., supra at 444, 446.
In Wolfman v. Modern Life Ins. Co., 352 Mass. 356 (1967), relied upon by the plaintiff and by the Court in “Automatic” Sprinkler for its observation quoted above, it was held that service on a foreign insurer by service on the Insurance Commissioner under G.L.c. 175B, §2 was valid constitutionally, where, although the policy was issued and sold in New York, the conduct of the insurer “met the test of voluntary, purposeful activity” in Massachusetts. Id. at 367. There, the Massachusetts plaintiff had taken an assignment of a life insurance policy being amended. He had several dealings with the insurer about paying the premiums on the policy and did in fact pay the premiums. The amended policy was found to have been delivered by the insurer to the plaintiff-assignee in Massachusetts. The insurer replied to the plaintiffs later request from Massachusetts for a calculation of the amount of the premium, if he prepaid future premiums, and the plaintiff paid that sum from Massachusetts as well. Id. at 358-360. Those facts are quite distinguishable from the instant case in which the policy was amended to change the loss payee to Source One, upon Source One’s purchase of the retail installment contract, but Source One did not pay any premium or have any dealings with Omni until after the collision loss had occurred.
In a seminal case dealing with the “minimum contacts” necessary to obtain personal jurisdiction over an insurer, McGee v. International Life Ins. Co., 355 U.S. 220 (1957), the Supreme Court of the United States ruled that the California court had personal jurisdiction over a Texas life insurer even though the insurer had no offices or agents in California and, except for the policy involved, had not done any business there. However, the insured lived in California at the time of his death, the policy was delivered there by the defendant, and premiums were paid from there. Id. at 223. The court reasoned that business is increasingly done nationally, by mail and across state lines and “modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.” Id. In the instant case, Omni did not engage in economic activity in Massachusetts by any definition. The insured in the present case did not live in Massachusetts, the policy was not delivered here, and no premium was paid from here. Indeed, as noted above, the plaintiff did not pay any premium at all or have any dealing with Omni until after the loss had occurred.
*146 During the nine years of 2002 through 2010 inclusive, Source One was named as the first lienholder in 184 (about 20 per year) automobile policies issued by Omni. Source One does not show that those are a noticeable portion of the policies issued by Omni (or even that they are a significant segment of all the policies on which Source One has been named as loss payee). Since Source One does not suggest otherwise and Omni does not write policies in Massachusetts, we take it that none of those 184 policies were issued to Massachusetts insureds on Massachusetts policies. Those 184 policies were issued in other states to foreign residents on vehicles located elsewhere than Massachusetts. Premiums were paid in other states by insureds in other states. The 184 policies had marginal, if any, economic effect on Massachusetts and did not entail any “minimum contact with the Commonwealth which resulted firom an affirmative, intentional act of the defendant.” Good Hope Indus., Inc., supra at 7.
The “contacts” between the parties asserted by the plaintiff as a basis for jurisdiction all occurred in the course of dealings between them over the telephone and by mail and fax concerning the claim after the loss and, in some cases, even after this action had commenced. “The thread of long-arm jurisdiction is that the acts sufficient to constitute ‘transacting any business’ arose prior to the commencement of the lawsuit and form a nucleus of the suit.” Farm Family Mut. Ins. Co. v. Nass, 126 Misc. 2d 329, 332 (N.Y. Sup. Ct. 1984) (dealings in course of adjustment of claim may not be basis for personal jurisdiction over claim itself), aff’d, 121 A.D.2d 498 (N.Y. App. Div. 1986).
The judge’s dismissal for want of personal jurisdiction in Massachusetts was correct. Massachusetts has no more jurisdiction over Omni than it would have in a suit by Source One on its retail installment contract against its debtor, Cannon.[3]
Indeed, even if Source One had found some way to serve Omni in Massachusetts, the absence of any activity in Massachusetts compared to the facts of a policy, issued through a Connecticut producer, delivered and paid for in Connecticut in a form compliant with Connecticut law, to a Connecticut insured on a vehicle located in Connecticut under which a claim is made for an accident occurring in Connecticut between two Connecticut vehicles with all percipient witnesses to the policy, the accident, and the accident damage located in Connecticut would warrant the dismissal of the case on the ground of forum non conveniens. The suit also includes a claim under Connecticut’s Unfair Insurance Practices Act and Unfair Trade Practices Act.[4] In such circumstances and on a motion to dismiss on the ground of forum non conveniens, “a judge may decline to hear a case, if there is an alternative forum in which justice may be had, and if *147 the balance of private and public concerns strongly favor the defendant’s motion.” Gianocostas v. Interface Group-Mass., Inc., 450 Mass. 715, 723 (2007). See G.L.c. 223A, §5.
Judgment affirmed.
So ordered.

 Source One’s affidavit asserts there were 39, but a count of the communications (listed by letter, rather than number) shows there were 26 communications about the claim before suit, plus 7 after suit had been brought.

 Source One does not, and could not, claim jurisdiction under that portion of the long-arm statute, G.L.c. 223A, §3(f), which provides for the exercise of personal jurisdiction over a person arising from the person’s “contracting to insure any person, property or risk located within this commonwealth at the time of contracting.” Nor does Source One claim to be able to serve Omni with Massachusetts process under G.L.c. 175B, §2, providing for service of process on the Insurance Commissioner for insurers not authorized to do business in Massachusetts who issue or deliver policies, solicit applications, collect premiums, or transact business in Massachusetts.

 It could well be argued that Cannon, as the named insured on the insurance policy and the obligor on the retail installment contract, is a necessary party to this action under Mass. R. Civ. R, Rule 19.

 That there is also a claim under the Massachusetts statutes, G.L.C. 93A and G.L.c. 176D, would not assist Source One as the nexus with Massachusetts required to implicate those statutes is even stronger than that needed for personal jurisdiction. Sonesta Int’l Hotels Corp. v. Central Fla. Invs., Inc., 47 Mass. App. Ct. 154, 158-160 (1999).