197 So.2d 567 (1967)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, Appellant,
v.
Nat HARRIS, Appellee.
No. 66-534.
District Court of Appeal of Florida. Third District.
April 11, 1967.
Rehearing Denied May 2, 1967.
*568 Dean, Adams, George & Wood and Don R. Livingstone, Jeanne Heyward, Miami, for appellant.
Tobin, Salmon & Crary, Coral Gables, for appellee.
Before PEARSON, CARROLL and BARKDULL, JJ.
PEARSON, Judge.
Alabama Farm Bureau Mutual Casualty Insurance Company was the garnishee in a proceeding brought pursuant to an automobile liability policy. A final judgment in garnishment was entered against the insurance company and it appeals. The question presented is whether a failure of the defendant policyholder to timely forward to the insurer the suit papers constituted, as a matter of law, a breach of the policy so that it was unenforceable. We hold that where it affirmatively appears that no prejudice to the insurance company resulted, the policy was enforceable.
On March 11, 1962, plaintiff Nat Harris was involved in an accident in Dade County, Florida, with an automobile operated by Defendant James Martin, and owned by Defendant Edsel Box. At the time of the accident there was in effect a policy issued by Alabama Farm to Jeff Martin, a resident of Alabama, covering an automobile owned by Jeff Martin. James Martin, a resident of Alabama, was an additional insured under the policy. On March 22, 1962, Jeff Martin, the named insured, notified Alabama Farm of the accident. Alabama Farm was also notified of the accident by letter dated March 27, 1962, from plaintiff's attorneys.
On July 6, 1962, Harris sued Box and James Martin. Defendant James Martin, a resident of Oneonta, Alabama, was served through the office of the Secretary of State of Florida. Neither James Martin nor Jeff Martin forwarded to Alabama Farm the summons, suit papers or other process in the law suit, even though the insurance policy required as a condition precedent that the insured shall immediately forward to the insurance company every demand, notice, summons or other process received by him. Neither did Jeff Martin nor James Martin ever request Alabama Farm to defend its insured in the law suit.
After defendant Martin failed to answer or file any responsive pleading, plaintiff Harris moved for the entry of a default which was granted on October 19, 1962.
Four months after the law suit had been filed, Alabama Farm received its first notice of the suit against its insured. This notice was conveyed by letter from plaintiff's attorneys dated November 2, 1962. In reply thereto, Alabama Farm immediately denied coverage by letter dated November 7, 1962. Plaintiff's attorneys offered to have the default set aside if Alabama Farm would defend, but the offer was refused.
The law suit proceeded to trial and resulted in a jury verdict in favor of plaintiff, and a final judgment based thereon was entered.
A writ of garnishment was filed against Alabama Farm, alleging that it was the automobile liability insurer of defendant James Martin. Garnishee answered by *569 denying any indebtedness to defendants. In its reply to the traverse to garnishee's answer, Alabama Farm admitted it had issued a liability policy to Jeff Martin; alleged it was an Alabama corporation; does not do business in Florida; and that the policy issued to Jeff Martin, a resident of Alabama, covered an automobile owned by Jeff Martin, principally garaged in Alabama. It was further alleged that the policy was issued and the premium paid in Alabama. The answer also alleged that the insured violated a policy condition by failing or refusing to assist or co-operate, and failing to immediately give to the garnishee every demand, notice, summons and other process received by the insured. Alabama Farm stated it intended to rely upon Alabama law, which law it contended governed the interpretation and construction of the insurance contract.
At the trial of the cause counsel for the parties stipulated as follows:
"1. That at all times material to this action, there was filed in the office of the Insurance Commissioner of the State of Florida a power of attorney executed by Alabama Farm Bureau Mutual Casualty Insurance Company which was executed on March 4, 1952, copy of which is contained in the Court file.
"2. That up to and including March 11, 1962 this power of attorney had not been revoked.
"3. That the power of attorney was filed by Alabama Farm Bureau pursuant to F.S.A. 324.081(4), Florida's Financial Responsibility Law.
"4. The reason the power of attorney was filed by Alabama Farm Bureau was so that the Insurance Commissioner of the State of Florida would accept SR-21 filings made by Alabama Farm Bureau in behalf of their insureds."
The power of attorney referred to in the stipulation contained the following language:
"Alabama Farm Bureau Mutual Casualty Insurance Company the head office of which is in the City of Montgomery in the State of Alabama in the County of Montgomery hereby appoints Honorable J. Edwin Larson, State Treasurer and Insurance Commissioner as its Attorney in
Fact for it and in its name to do and execute all or any of the following acts, deeds, and things, that is to say: to accept service of notice or process for itself and for its insured in any action or proceeding arising out of a motor  vehicle accident in Florida.
"Alabama Farm Bureau Mutual Casualty Insurance Company aforesaid hereby undertakes:
(a) to appear in any such action of which it has knowledge;
(b) Not to set up any defense to any claim, action, or proceeding under a motor-vehicle liability policy issued by it which might not be set up if such policy had been issued in Florida in accordance with the laws of Florida relating to motor-vehicle policies, and to satisfy up to the limits of liability stated in the policy any judgment rendered and become final against it or its insured by a court in Georgia in any such action or proceeding."
The trial court held that the appellee Harris was entitled to the benefits of the policy and entered the final judgment in garnishment.
There is no doubt that the language of the power of attorney is broad enough to govern the situation now before the court. The only question is whether the power of attorney must be disregarded because the insurance policy in question was not used by the defendant, policyholder, as a proof of a financial responsibility. Appellant points out that the purpose to be secured by the insurance company in filing the power of attorney was only to acquire *570 a status in which its policies would be available if its policyholders desired to make use of them for the purpose of complying with Florida Financial Responsibility Law. We do not think that in the absence of a limitation in the power of attorney that it can be held that this purpose limits the use of the power of attorney to such a situation. The power of attorney is exact and clear in its language and terms. It is well established that where an agreement is clear and unambiguous in its terms, evidence of a different intent by one of the parties than that expressed in the agreement is not competent for the purpose of changing the agreement. See Friedman v. Virginia Metal Products Corp., Fla. 1952, 56 So.2d 515, 33 A.L.R.2d 956; Paddock v. Bay Concrete Industries, Inc., Fla.App. 1963, 154 So.2d 313.
The purpose of the requirement of notice of suit and forwarding of suit papers is clear; it is to give an insurer an opportunity to evaluate its rights and liabilities. The rule in Florida concerning "delayed notice" to the insurer is to the effect that prejudice may be presumed, and the party seeking to impose liability has the burden of showing that no prejudice resulted from the failure to give timely notice. The outcome of these "delayed notice" cases will ultimately depend upon the facts and circumstances of each case. Hartford Accident and Indemnity Company v. Mills, Fla. App. 1965, 171 So.2d 190; American Fire and Casualty Company v. Collura, Fla.App. 1964, 163 So.2d 784. In this regard Florida is in line with the weight of authority. See discussion and cases cited in 8 Appleman, Insurance Law and Practice, § 4732, pp. 15-17, pp. 59-61.
Alabama Farm was properly notified of the accident immediately after its occurrence. At this point the insurance company had an opportunity to make an investigation and thereby prevent fraud and imposition upon it. The insurer now seeks to claim that the failure of giving notice of suit was sufficient reason for denying coverage under the insurance policy. Alabama Farm had an opportunity to defend the law suit. It chose not to avail itself of this opportunity when it refused to defend. Alabama Farm was never purposely or inadvertently prejudiced in this matter. The insurer has chosen its own course of action at every stage of the proceeding and chose to allow the default to stand. The acts or omissions of James Martin did not prejudice the insurer's position. James Martin's breach, if it was a breach, was not material and did not foreclose any rights of Alabama Farm. We hold that the burden of showing no prejudice as a result of failure to send timely notice of the suit was met. Therefore, since no prejudice was shown, the policy is enforceable.
Having reached the conclusion that the power of attorney filed by the insurance company was a sufficient basis for the decision of the trial court, we do not discuss the further issue involved in appellant's point as to whether law of Alabama would require a contrary decision.
Affirmed.