367 So.2d 673 (1979)
KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,
v.
Naomi MILLS and Tolman Mills, Her Husband, Appellees.
No. 78-1535.
District Court of Appeal of Florida, Second District.
February 2, 1979.
Rehearing Denied February 23, 1979.
Chris W. Altenbernd of Fowler, White, Gillen Boggs, Villareal & Banker, Tampa, for appellant.
Claudos S. Spears of Allison, Spears & Heistand, St. Petersburg, for appellees.
BOARDMAN, Acting Chief Judge.
Appellant/defendant Kentucky Farm Bureau Mutual Insurance Company (Kentucky Mutual) brings this interlocutory appeal from an order denying its motion to dismiss the amended complaint filed by appellees/plaintiffs Naomi and Tolman Mills.
Appellees were involved in an automobile accident in Citrus County, Florida, on February 2, 1976. The accident was caused by Charlotte Kline Black, an uninsured motorist. At the time of this accident appellees were residents and citizens of Kentucky visiting Florida. Appellees had purchased a policy of automobile insurance in Kentucky from Kentucky Mutual on their automobile which was titled and licensed within that state.
Appellees filed suit in the Circuit Court of Citrus County against Kentucky Mutual as their uninsured motorist carrier. Summons was issued on January 18, 1978, and service was had on the Florida Insurance Commissioner. In their amended complaint, appellees alleged Kentucky Mutual had designated the commissioner as its *674 agent for service of process under Section 624.422, Florida Statutes.
Appellant moved to dismiss that complaint stating that the court lacked jurisdiction over the person of Kentucky Mutual because it conducted no business in the state of Florida; that there was insufficiency of process and insufficiency of service of process; and that appellees had failed to plead sufficient jurisdictional facts. Kentucky Mutual admitted that it had executed a "POWER OF ATTORNEY TO ACCEPT SERVICE OF PROCESS," but had done so merely to indicate compliance with any applicable financial responsibility laws. By affidavit J. Robert Wade, the president of Kentucky Mutual, testified that Kentucky Mutual is a Kentucky insurance company that has never issued insurance policies within the state of Florida, never transacted insurance business within the state of Florida, and has no employees, insurance agents, or offices within the state of Florida. Kentucky Mutual does not advertise or solicit business in Florida.
The sole issue for our consideration is whether the Florida courts have jurisdiction over Kentucky Mutual.
Service of process on the insurance commissioner will establish personal jurisdiction over an insurer which has expressly appointed the insurance commissioner as its agent to accept service to become authorized to conduct insurance transactions in Florida pursuant to Section 624.422, Florida Statutes, or over an insurer which is unauthorized to conduct insurance transaction in Florida but performs one of the acts set out in Section 626.906. In this case the insurer does not fall into either of those categories.
Section 624.422, Florida Statutes (1977), provides:
(1) Each insurer applying for authority to transact insurance in this state, whether domestic, foreign or alien, shall file with the department its appointment of the insurance commissioner and treasurer and his successors in office, on a form as furnished by the department, as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state, and agreeing that process so served shall be valid and binding upon the insurer. The appointment shall be irrevocable, shall bind the insurer and any successor in interest as to the assets or liabilities of the insurer, and shall remain in effect as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein.
It is true that Kentucky Mutual did execute a power of attorney in accordance with this section. However, the operative language of that statute is "[t]he appointment . . shall remain in effect as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein." Since it is undisputed that Kentucky Mutual had never conducted any insurance transactions in Florida, it is clear that it had no outstanding obligations in Florida resulting from those transactions at the time the insurance commissioner was served in this case.
Section 626.906, Florida Statutes (1977), provides:
Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer is equivalent to and shall constitute an appointment by such insurer of the insurance commissioner and treasurer, and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary, arising out of any such contract of insurance; and any such act shall be signification of the insurer's agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer:
(1) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein;
(2) The solicitation of applications for such contracts;
(3) The collection of premiums, membership fees, assessments or other considerations for such contracts; or

*675 (4) Any other transaction of insurance.
Service under Section 626.906 is not binding on appellant since Kentucky Mutual has not conducted any of the acts set out in Section 626.906.
Appellees further argue on appeal that independent of Sections 624.422 and 626.906, the Florida courts would have personal jurisdiction over Kentucky Mutual because it assumes the position of the uninsured tortfeasor motorist. The insurer in an action brought by its insured under his motorist coverage may raise any defenses which would be available to the uninsured tortfeasor and is as responsible for the damages award as would be the uninsured tortfeasor. Mobley v. Allstate Insurance Co., 276 So.2d 495 (Fla.2d DCA 1973). However, there is no rule or reason to create such a rule applicable to personal jurisdiction over a foreign insurer based only on jurisdiction over the uninsured tortfeasor. Appellant is correct in pointing out that the test for establishing personal jurisdiction over a defendant is "sufficient minimum contacts" between the defendant and the state where jurisdiction is alleged. See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Drake v. Scharlau, 353 So.2d 961 (Fla.2d DCA 1978). Furthermore, appellees did not allege any facts establishing such a jurisdictional basis as required. See, e.g., Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla.4th DCA 1978).
Accordingly, the trial court has no jurisdiction over Kentucky Mutual, and the action should be dismissed. We reverse the order appealed.
REVERSED with directions.
RYDER and DANAHY, JJ., concur.