COBB, Judge.
Earl and Linda Beyer appeal the trial court’s order granting Home Mutual Insurance Company’s (Home Mutual) motion to quash service of process, motion to dismiss for lack of subject matter jurisdiction, and motion to dismiss for lack of in personam jurisdiction. We reverse.
Appellants, Earl and Linda Beyer, while residents of Wisconsin, purchased an insurance policy containing uninsured motorist coverage from appellee, Home Mutual. Home Mutual is a Wisconsin corporation with its principal place of business in Wisconsin. Appellants later moved to Florida and a renewal policy was issued by Home Mutual. Earl Beyer was seriously injured in a motor vehicle accident in Florida. The Beyers filed a complaint in the Circuit Court of Orange County against Home Mutual, seeking a declaratory decree for uninsured motorist coverage based on the Home Mutual policy. In their amended complaint, appellants alleged that Home Mutual had designated the Insurance Commissioner of Florida as its agent for service of process pursuant to a power of attorney executed by Home Mutual in November 1971. The power of attorney authorized the Insurance Commissioner of Florida to accept service of process on behalf of Home Mutual when made in connection with a policy involving their insured and arising out of a motor vehicle accident occurring in Florida.
In response, Home Mutual filed a motion to quash service of process, a motion to dismiss for lack of in personam jurisdiction, and a motion to dismiss for lack of jurisdiction over the subject matter.[1] By affidavit, Robert Verdoom, the vice president and secretary of Home Mutual, testified that Home Mutual had never issued or delivered insurance policies, never solicited applications for insurance policies, never *991 collected premiums and never transacted insurance business within the State of Florida.
Appellants contend that personal jurisdiction was acquired by the following means: (1) the long-arm statute, (2) the unauthorized insurer process law,[2] and (3) Home Mutual’s power of attorney granted to the Insurance Commissioner of Florida. The facts clearly demonstrate that aside from the executed power of attorney, Home Mutual lacks the requisite minimum contacts with Florida in order to subject it to the jurisdiction of the Florida courts without offending fundamental due process guarantees of fair play and substantial justice. See Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Meyer v. Auto Club Insurance Association, 492 So.2d 1314 (Fla.1986). Hence, appellants’ first two arguments are without merit.
The power of attorney filed by Home Mutual, however, is a sufficient basis for in personam jurisdiction. The present case is factually similar to Alabama Farm Bureau Mutual Casualty Insurance Company v. Harris, 197 So.2d 567 (Fla. 3d DCA 1967). In Alabama Farm, the plaintiff was involved in an automobile accident in Florida. The defendant was an Alabama resident and was insured by Alabama Farm Bureau Mutual Casualty Insurance Company (Alabama Farm), an Alabama insurance company. The policy was issued and the premium was paid in Alabama. Plaintiff sued Alabama Farm for garnishment in Florida, and service of process was made through the Insurance Commissioner of Florida. The basis for service was a power of attorney executed by Alabama Farm, designating the Insurance Commissioner of Florida as its agent for service of process. Alabama Farm, however, argued that its purpose in filing the power of attorney was to acquire a status in which its policies would be available if its policyholders desired to make use of them in order to comply with Chapter 324, Florida Statutes, the Florida Financial Responsibility Law.[3] The Third District determined that since the power of attorney was clear and unambiguous in its terms, parol evidence was not competent for the purpose of changing it; hence, jurisdiction was established.
Similarly, in the present case, the power of attorney is exact and unambiguous, containing in pertinent part the following language:
That the said Insurance Company has made, constituted, and appointed and does hereby make, constitute, and appoint THOMAS D. O’MALLEY, INSURANCE COMMISSIONER AND TREASURER of the State of Florida or his successor in office, its true and lawful attorney in the State of Florida on whom service of notice or process, against said company, may be made in any action upon a policy or bond involving their assured arising out of a motor vehicle accident occurring in the STATE OF FLORIDA. Said attorney is hereby authorized and empowered to receive and accept such service of notice or process and such service shall be taken and held as valid as if served upon said company.
It does not limit its use to any specific purpose, and parol evidence is not allowed to alter it. Consequently, pursuant to its clear and unambiguous terms, service of process upon the Insurance Commissioner was proper, and there is a sufficient basis for in personam jurisdiction.
Nevertheless, Home Mutual argues that Kentucky Farm Bureau Mutual Insurance Co. v. Mills, 367 So.2d 673 (Fla. 2d DCA), cert. denied, 376 So.2d 74 (Fla.1979), requires us to affirm the trial court’s order. However, the facts in Kentucky Farm are distinguishable. In that case the insureds filed suit in Florida against Kentucky Farm Bureau Mutual Insurance *992 Company (Kentucky Farm). Kentucky Farm had executed a power of attorney authorizing the insurance commissioner to accept service of process under section 624.422(1), Florida Statutes (1977),[4] which provided as follows:
(1) Each insurer applying for authority to transact insurance in this state, whether domestic, foreign or alien, shall file with the department its appointment of the insurance commissioner and treasurer and his successors in office, on a form as furnished by the department, as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state, and agreeing that process so served shall be valid and binding upon the insurer. The appointment shall be irrevocable, shall bind the insurer and any successor in interest as to the assets or liabilities of the insurer, and shall remain in effect as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein.
The Second District determined that since the insurance company had never conducted any insurance transactions in Florida, no outstanding obligations in Florida resulted from those transactions at the time the insurance commissioner was served, and thus the power of attorney was not in effect. The court did not address the insurance company’s contention that the power of attorney was executed solely to comply with the financial responsibility laws; its decision was limited to the continuing validity of a power of attorney when executed in accordance with the above-cited statute.
It is evident that the power of attorney in the instant case, like the one in Alabama Farm, was filed in accordance with the Florida Financial Responsibility Law.[5] The Florida Financial Responsibility Law provides financial security requirements for owners or operators of motor vehicles whose responsibility it is to recompense others for injury to person or property caused by the operation of a motor vehicle. By executing the power of attorney in accordance with this chapter, Home Mutual (1) benefits and accomodates the nonresident insured who is involved in a motor vehicle accident in Florida and who may be subject to the revocation or suspension of his or her operating privilege, and (2) obligates itself to be financially responsible for the nonresident insured, thereby enabling those injured in Florida to have recourse in the Florida courts. Therefore, Home Mutual necessarily subjects itself to in personam jurisdiction.
Accordingly, we reverse and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.

. We find that the circuit court clearly had subject matter jurisdiction over this declaratory judgment action.

. Sections 626.904-.912, Florida Statutes (1985).

. Chapter 324 was amended in 1977 to provide that the power of attorney should be furnished to the Department of Highway Safety and Motor Vehicles instead of to the Department of Insurance, as previously required.

. This section has been amended to provide that "[e]ach licensed insurer, whether domestic, foreign or alien, shall be deemed to have appointed the Insurance Commissioner and Treasurer ... as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state ...”

. Section 324.081(4) describes the filing of a power of attorney and provides as follows:
(4) In the event such nonresident shall at the time have in effect an insurance policy or surety bond issued by any insurance company or surety company not authorized to do business in this state, the department may reinstate such nonresident upon said company furnishing it with power of attorney to accept service of process.