GREEN, Judge.
Commercial Union Assurance Company of Canada (“Commercial Union”) a Canadian insurer, appeals a non-final order of the trial court denying its motion to dismiss for lack of personal jurisdiction. We affirm for the reasons which follow.
In January 1993, appellee Alex Wynn, then a Canadian resident, was involved in an automobile accident with an uninsured motorist while visiting Dade County, Florida. At the time of the accident, Wynn was insured under a policy which had been issued to him in Canada by Commercial Union. As a result of the accident, Wynn filed a claim for uninsured motorist coverage with Commercial Union, however, this claim was denied. Thereafter, Wynn commenced the action below in Dade County, Florida seeking damages based upon an alleged breach of the insurance contract and for a declaratory judgment as to Commercial Union’s obligations under the contract.
In his complaint amended by interlin-eation, Wynn alleges, among other things, that Commercial Union is a foreign company doing business in Florida and that Commercial Union designated the Insurance Commissioner and Treasurer of the State of Florida as its agent for service of process pursuant to a power of attorney executed on or about January 11,1979. The terms of the power of attorney state:
That the Commercial Union Assurance Company of Canada is a joint stock insurance corporation duly organized under and by virtue of the laws of Canada having its principal place of business in Toronto in the Province of Ontario.
That the said Insurance Company has made, constituted, and appointed and does hereby make, constitute, and appoint Bill Gunter, Insurance Commissioner and Treasurer of the State of Florida or his successor in office, its true and lawful attorney in the State of Florida on whom service of notice or process, against said company, may be made in any action upon a policy or bond involving their [sic] assured arising out of a motor vehicle accident occurring in the State of Florida. Said attorney is hereby authorized and empowered to receive and accept such service of notice or process and such service shall be taken and held as valid as if served upon said company.
Commercial Union entered a special appearance and moved to dismiss the amended complaint on the basis that a Florida court lacked in personam jurisdiction as there were “insufficient” minimum contacts between Commercial Union and the State of Florida. In support of its motion, Commercial Union filed an affidavit attesting that it had never issued insurance policies within the State of Florida; transacted, advertised or solicited insurance business within the State of Florida; and has no employees, insurance agents or officers within the State of Florida. The affidavit further asserts that the subject insurance policy was issued and delivered to Wynn in Canada.
Commercial Union asserts on appeal that the power of attorney was executed at a time when it was contemplating becoming authorized to conduct business in Florida and that the power of attorney was filed pursuant to section 624.422, Florida Statutes (1979)[1] which stated:
(1) Each insurer applying for authority to transact insurance in this state, whether domestic, foreign or alien, shall file with the department its appointment of the Insurance Commissioner and Treasurer and his successors in office, on a form as furnished by the department, as its attorney to receive service of all legal process issued *617 against it in any civil action or proceeding in this state, and agreeing that process so served shall be valid and binding upon the insurer. The appointment shall be irrevocable, shall bind the insurer and any successor in interest as to the assets or liabilities of the insurer, and shall remain in effect as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein, (emphasis added)
This statute was subsequently amended in 1982 to delete the irrevocability provision as well as the outstanding obligation provision and at the time of Wynn’s accident, the statute read as follows:
(1) Each licensed insurer, whether domestic, foreign, or aben, shall be deemed to have appointed the Insurance Commissioner and Treasurer and his successors in office as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state; and process so served shall be valid and binding upon the insurer.
§ 624.422, Fla.Stat., (1993).
Commercial Union argues that since its unchallenged sworn affidavit revealed that it never transacted business within the State of Florida, it could not have had any outstanding obligations or liabilities at the time the Insurance Commissioner was served with this action. Therefore, in reliance upon the Second District Court of Appeal’s decision in Kentucky Farm Bureau Mutual Ins. Co. v. Mills, 367 So.2d 673 (Fla. 2d DCA), cert. denied, 376 So.2d 74 (Fla.1979), Commercial Union argues that the power of attorney was not in force and effect and Commercial Union was not, therefore, subject to personal jurisdiction in Florida. We disagree and find Kentucky Farm to be distinguishable from the case at bar.
In Kentucky Farm, the insureds were Kentucky residents who, like Wynn, were involved in an accident with an uninsured motorist while visiting Florida. The insureds had purchased their insurance policy in Kentucky on their automobile which was titled and licensed in Kentucky. The insureds filed suit in Florida against the insurer for uninsured motorist benefits under the policy and alleged that the insurer had, by power of attorney, designated the insurance commissioner as its agent for service of process under section 624.422, Florida Statutes (1977)[2]. The appellant insurer moved to dismiss, admitting that it had executed the power of attorney designating the insurance commissioner its agent for service of process but asserting by affidavit that it had never, issued insurance policies in Florida, never transacted insurance business in Florida, had no employee, insurance agents or officers in Florida, and did not advertise or solicit business in Florida.
In Kentucky Farm, the court found that where it was undisputed that the insurer had never transacted any insurance business in Florida, the insurer could have no outstanding obligations in Florida at the time the insurance commissioner was served in this case. Id. at 674. Hence, the court concluded that at the time of this action, the appointment of the insurance commissioner was no longer in effect and Florida courts lacked jurisdiction over this out of state insurer.
Unlike Kentucky Farm, in the instant case, there has never been an allegation by Wynn that the power of attorney executed by Commercial Union was done solely pursuant to the pre-1982 amended version of section 624.422. Nor, for that matter, do the clear and unambiguous terms of Commercial Union’s power of attorney limit its use or applicability to any specific statute or purpose. In the absence of such a limitation in the power of attorney itself, we cannot so limit its applicability. See Alabama Farm Bureau Mutual Casualty Ins. Co. v. Harris, 197 So.2d 567, 570 (Fla. 3d DCA 1967) (“It is well established that where an agreement is clear and unambiguous in its terms, evidence of a different intent by one of the parties than that expressed in the agreement is not competent for the purpose of changing the agreement.”) (citations omitted); see also Beyer v. Home Mutual Ins. Co., 512 So.2d 990 (Fla. *618 5th DCA 1987). We, therefore, must reject Commercial Union’s assertion that the power of attorney was limited to the pre-1982 amended version of section 624.422.
In effect, Commercial Union has given the Florida Insurance Commissioner and Treasurer an open ended power of attorney to accept service of process on its behalf for any action on a policy or bond involving its insureds arising out of motor vehicle accidents in Florida. The question then is whether the mere filing of this power of attorney alone provided a sufficient basis for the exercise of in personam jurisdiction over Commercial Union in Florida courts. We find that it did. Beyer, 512 So.2d at 992, (The filing of a power of attorney pursuant to Florida Financial Responsibility Law[3] authorizing the Insurance Commissioner to accept service of process was a sufficient basis for in personam jurisdiction.). The Florida Supreme Court has specifically held that con-nexity is not required to acquire personal jurisdiction over a foreign insurance corporation that qualified to do business in Florida and expressly appointed the Commissioner of Insurance as its agent to receive service of process. White v. Pepsico, Inc., 568 So.2d 886, 890 (Fla.1990). Further, we find that public policy considerations dictate that an insurer be held accountable in the same forum that it voluntarily elected to benefit from.
Since Wynn’s accident occurred subsequent to the amendment of section 624.422, process served upon the Insurance Commissioner was clearly sufficient for the court below to acquire in personam jurisdiction over Commercial Union. Commercial Union’s remaining argument that even section 624.422 as amended is still inapplicable because Commercial Union was never licensed or qualified to do business in Florida must be rejected as well. Conspicuously absent from Commercial Union’s affidavit and the remaining portions of the record is any attestation that Commercial Union was never licensed or otherwise qualified to do business in the State of Florida. Commercial Union obviously seeks to have us infer this from the contents of the affidavit. This we cannot do. It is, of course, the appellant’s obligation to provide us with a record sufficient to demonstrate the errors complained of and the failure to do so mandates affirmance. Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987); In re Guardianship ofCoolidge, 368 So.2d 426 (Fla. 4th DCA 1979).
Affirmed.
BARKDULL, J., concurs.

. Commercial Union’s assertion on appeal that there was a stipulation between the parties that the power of attorney was filed pursuant to section 624.422 Florida Statutes (1979) is negated by the record.

. The 1977 version of section 624.422 was the same as the 1979 version relied upon by Commercial Union.

. Section 324.081(4).