**HAMID MOHEBBI PHARM.D d/b/a Doral Pharmacy & Medical Supplies, Plaintiff,**

v.

**FOUNDERS INSURANCE COMPANY d/b/a Prosure Insurance Company in Florida, Defendant.**

**Case No. 13–cv–21710–JLK.**

United States District Court, S.D. Florida, Miami Division.

Signed Aug. 29, 2014.

Brian Michael Torres, Sheftall & Torres, P.A., Miami, FL, for Plaintiff.

Andrew Edward Grigsby, Jr., John Joseph Cavo, Hinshaw & Culbertson LLP, Coral Gables, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion for Summary

Judgment (D.E. 33), filed July 9, 2014. The Court is fully briefed on the matter.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be granted.

## I. BACKGROUND

This is an action for breach of contract wherein Plaintiff seeks to obtain payment on a default judgment. Defendant is an insurance company which had a commercial general liability policy covering Fiesta de Noche, Inc. d/b/a Atarazan Nightclub ("the insured") from 12:01 a.m. October 20, 2008 to 12:01 a.m. October 20, 2009. D.E. 34–11 at 2. The insured's property was located directly above Plaintiff's pharmacy in a two-story shopping center. Compl., ¶ 6. On October 21, 2008, a water pipe ruptured on the insured's property and on October 28, 2008, a fire broke out at the insured's property. *Id.*, ¶¶ 8, 9. Plaintiff alleges these incidents caused significant damage to Plaintiff's property below. *Id.*, ¶¶ 7–12. On August 5, 2010, Plaintiff filed a lawsuit against the insured in the Eleventh Judicial Circuit of Florida, Case No. 10–42828 CA 05. D.E. 34–1. The insured failed to appear in that case. On January 11, 2011, a default judgment was entered against the insured for $580,415.54 plus 6% annual interest. D.E. 34–5. In the instant case, Plaintiff seeks to enforce that judgment against Defendant, the insurer.

Defendant moves for summary judgment that there is no coverage for the state lawsuit because of the insured's failure to satisfy the terms of the insurance policy and, alternatively, for partial summary judgment that the policy excludes damage for mold.[2]

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" if it may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252, 106 S.Ct. 2505. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence

---

1. Plaintiff filed a response and supporting declaration on July 29, 2014 (D.Es. 44, 45). Defendant filed a Reply on August 8, 2014 (D.E. 48).

2. The Court's decision today rests on the argument regarding viability of the policy and, thus, does not reach the second argument regarding coverage of mold damage.

properly offered by the parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir.2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### B. Insurance Contract Standards

■ The insurance policy in issue was entered into in Florida. D.E. 34–11. As such, Florida law applies to this dispute. *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla.2006). "Under Florida law, insurance contracts are construed according to their plain meaning." *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005).

■ An insured has an obligation to adhere to the terms of the insurance policy; if one party does not adhere to the policy's terms, a breach has occurred. *Indem. Ins. Corp. of DC v. Caylao*, 130 So.3d 783, 786 (Fla.Dist.Ct.App.2014). When the breaching party is an insured and the policy requires the insured to notify its insurer of a suit, prior notice of a claim does not amount to notice of a later-filed suit. *See Eastpointe Condo. I Ass'n v. Travelers Cas. & Surety Co. of America*, 664 F.Supp.2d. 1281, 1286–87 (S.D.Fla.2009) (finding that notice to insurer of a claim and of a lawsuit did not satisfy notice requirement as to any subsequent amendment potentially bringing the claim within the insurer's scope of coverage).

■ As a basic matter of contract law, a breach only relieves the non-breaching party of performance if the breach was material. *Caylao*, 130 So.3d at 786. In the insurance context, Florida courts have defined a material breach as occurring when the nonbreaching party is prejudiced by the breach. *See, e.g., Id.* at 787; *All-*

*state Floridian Ins. Co. v. Farmer*, 104 So.3d 1242, 1250 (Fla.Dist.Ct.App.2012). If an insurer is prejudiced by its insured's failure to comply with a notice of lawsuit provision, the insurer is relieved of all liability under the policy. *Tiedtke v. Fidelity & Cas. Co. of New York*, 222 So.2d 206 (Fla.1969); *Perez v. Pub. Serv. Mut. Ins. Co.*, 755 So.2d 168 (Fla.Dist.Ct.App. 2000). Conversely, if an insured's violation of a notice requirement does not prejudice the insurer, the insurer is not relieved of its contractual obligations. *BellSouth Telecomm. Inc. v. Church & Tower of Florida, Inc.*, 930 So.2d 668, 671 (Fla.Dist.Ct. App.2006).

## III. ANALYSIS

### A. Policy's Language

■ This case is framed by the language of the insurance contract between Defendant and the insured. Section IV of the policy, titled "Commercial General Liability Conditions," required, under subsection 2.b., that the insured immediately record the specifics of the claim or suit and notify the Defendant "as soon as practicable." D.E. 34–11 at 15. The insured was also required to see to it that Defendant receive written notice of the claim or suit. *Id.* Subsection 2.c. required, *inter alia*, that the insured send copies of notices, demands, summonses, or any legal papers. *Id.* The policy defined a "suit" as "a civil proceeding in which damages because of 'bodily injury', property damage' or 'personal and advertising injury' in which this insurance applies are alleged." *Id.* at 19.

The Court finds, as a matter of law, that the plain meaning of the policy calls for notice of claim and notice of suit as two separate requirements. A logical reading of the policy dictates that the insured would have to keep the insurer apprised of developments at the insured property.

The policy's definition of "suit" is different from a claim brought against the policy. Moreover, in common and plain usage, the two words are not synonyms. As the Third Circuit has held, this is a "common sense" result: "Not every occurrence for which an insured faces potential liability will result in the filing of a claim, and not every unresolved claim will result in the filing of a lawsuit." *Scottsdale Ins. Co. v. Bieber & Assoc., Inc.*, 105 Fed.Appx. 340, 344 (3rd Cir.2004) (cited with approval by *Caylao*, 130 So.3d 783). The insurance policy in question had a continuing notice obligation for a reason: the insured had the best information on legal action brought against it and, therefore, the insured was required to keep its insurer informed of developments. Accordingly, the insured had two distinct duties: (1) to notify Defendant of any claims and (2) to notify Defendant of any lawsuits filed which may implicate the insurance policy.

### B. Notice to Defendant

Plaintiff's response to the Motion for Summary Judgment, essentially, is that notice of claim is notice of suit. As stated above, the policy's plain language does not support this interpretation and Florida cases with similar facts have also so held. *See, e.g., Eastpointe*, 664 F.Supp.2d at 1286–87. Here, Plaintiff, the injured party, itself notified Defendant of the claim. Defendant admits that it had notice of the claim by January 2009. D.E. 33 at 12 n. 3.

■ The critical hurdle is whether Defendant received notice of the lawsuit. The record evidences no genuine issue over this question and establishes that Defendant first received notice of the suit almost two years after the default judgment was entered. Plaintiff filed suit in state court on August 5, 2010 against the insured. D.E. 34–1. A default judgment of over half-a-million dollars was entered on January 12, 2011. D.E. 34–5. The first notice Defendant received regarding the default was a fax sent to it on December 19, 2012.[3] D.E. 44 at ¶ 51; D.E. 7–4.

Plaintiff does not provide any evidence that Defendant received notice of the lawsuit with time to defend its interest or attempt to prevent, vacate, or obtain judicial reconsideration of the default judgment. Plaintiff's Response describes communications between Plaintiff and Defendant prior to institution of the state lawsuit but no facts about notice to Defendant upon filing of the lawsuit. *See* D.E. 44, ¶ 27–48. Facts regarding when Defendant received notice of the claim, investigated any potential claim, or was threatened with suit are immaterial.

On June 25, 2010, 41 days prior to the filing of the state lawsuit, Plaintiff sent a letter to Defendant's agent Tom Olas threatening to sue the insured. D.E. 45–18. By Plaintiff's own admission, the next communication to Defendant regarding the suit occurred over two years later, on December 19, 2012, when Plaintiff's counsel sent the default judgment by fax to Defendant. D.E. 44, ¶ 51; D.E. 7–4. This notice was sent just over one year and eleven months after the default judgment was entered. On December 26, 2012, Defendant responded to the fax by writing the insured and stating that it had recently received the default judgment and that this was Defendant's first notice of any lawsuit. D.E. 45–19.

---

**3.** It is clear that the proper date for this fax is December 19, 2012 because of the date and time stamp found at the top of D.E. 7–4. Additionally, both Plaintiff and Defendant treat this fax as dated December 19, 2012. However, the Court notes that the memo line in the body of the fax incorrectly states "2011."

Plaintiff does not submit any evidence that Defendant was made aware of the lawsuit by either its insured, as the policy required, or by Plaintiff. Plaintiff argues, "Certainly, Founders never received confirmation that a lawsuit would *not* be filed ..." D.E. 44 at 15 (italics in original). Confirmation of a negative is not what the policy requires; the notice which matters for purposes of the instant case is notice of an actual lawsuit having been filed. The record reflects that Defendant did not receive this notice as required by the policy.

In *Scottsdale,* 105 Fed.Appx. at 344, the Third Circuit held that the facts that an insurer was made aware by a third-party of a claim against one of the insurer's insured and entered into negotiations with the injured party did not absolve the insured of its continuing obligation to notify the insurer of a later-filed suit. Such are the facts here; even though Plaintiff made Defendant aware of Plaintiff's claim, the contract required the insured to notify Defendant of both the claim and any lawsuit. The record shows the insured did not do so and Plaintiff, despite previous communications with Defendant, also did not notify Defendant of the lawsuit.

Thus, the record establishes, without genuine issue of material fact, that Defendant did not receive notice of the state lawsuit and that the insured breached the contract by failing to comply with the policy's notice requirement.

### C. Materiality of Breach

■ The Court now turns to whether this breach was material. If so, the breach absolved Defendant of its contractual obligation to defend the state lawsuit and, consequently, be liable for the default judgment. As articulated above, the breach is material if Defendant was prejudiced by the breach. *Caylao,* 130 So.3d at 786–87. When, as here, an insured fails to notify its insurer of a suit and a default judgment results, the insurer is not prejudiced if it had a viable opportunity to set aside the default or if the insurer was aware of the suit and refused to act. *Id.* at 787; *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Harris,* 197 So.2d 567 (Fla.Dist. Ct.App.1967) (finding insurer was required to defend suit when injured party notified insurer of a default judgment and offered to have the default set aside if insurer would defend).

Plaintiff's argument that Defendant was not prejudiced by lack of notice of a case that resulted in an over half-a-million dollar judgment to which it could potentially be held is disingenuous. One cannot now analyze the case and decide what Defendant's position would have been and what the outcome of any litigation strategy would have been had Defendant been aware of the lawsuit. The Court can suppose arguments about lack of liability, applicability of the policy to the damage, and apportionment of liability, all of which may or may not have been successful had they been pursued. These suppositions merely illustrate that there exist arguments Defendant could have made and should have been given the opportunity to make during the lawsuit.

■ Once Defendant was notified of the judgment, it no longer had the opportunity, under Florida law, to set aside the judgment. Florida Rule of Civil Procedure 1.540 governs relief from judgments. Subsection (b) permits motions to set aside judgments for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) misconduct of an adverse party; (4) the judgment is void; (5) it is no longer equitable that the judgment be enforced. Motions for reasons (1), (2), or (3) must be made within one-year of entry of judgment. This time limit is jurisdictional in

nature. *Pure H2O Biotechnologies, Inc. v. Mazziotti*, 937 So.2d 242, 246 (Fla.Dist.Ct. App.2006); *Bank One, N.A. v. Batronie*, 884 So.2d 346, 349 (Fla.Dist.Ct.App.2004). Fla. R. Civ. P. 1.090(b) explicitly states a court "may not extend the time for ... making a motion for relief from a judgment under rule 1.540(b)."

■■■ In the state lawsuit underlying this case, there was a one-year time limit in which to file a motion to set aside the default judgment. There is neither proof that the judgment was improper nor evidence that the judgment is inequitable. Accordingly, the Court focuses on Defendant's ability to set aside the judgment pursuant to Fla. R. Civ. P. 1.540(b)(1), (2), or (3) because there is no showing in the record that reasons (4) or (5) are applicable in this case. The record makes clear that the fax sent on December 19, 2012 was the first notice sent to Defendant of the state lawsuit. Thus, Defendant did not know of the lawsuit until approximately eleven months after the one-year window to set aside the judgment closed. Accordingly, by the time Defendant received notice, there was no opportunity for it to set aside the judgment.

Unlike *Alabama Farm*, 197 So.2d 567, where the District Court of Appeal found that the insurance company's opportunity to intervene four months after entry of a default judgment meant that the company was not prejudiced or *Caylao*, 130 So.3d 783, where the opportunity to intervene came one month after entry of judgment, Defendant in the instant case was not notified of the lawsuit until almost two years after the judgment was entered. This time difference is a crucial distinction between the instant case and the decisions in *Alabama Farm* and *Caylao*. The facts here are that Defendant could not protect its interests in the state court proceeding before or after entry of the default judgment because the insured failed to comply with the policy's notice requirement. As a matter of law, the insured's breach of the policy's notice requirement denied Defendant the opportunity to protect its interests in what resulted in an over half-a-million dollar judgment and prejudiced Defendant.

## IV. CONCLUSION

The record shows there is no genuine dispute of material fact that the insured failed to notify Defendant of the state lawsuit and, thus, materially breached the insurance policy. As a matter of law, this breach absolved Defendant of its contractual requirement to defend in the state lawsuit and renders Defendant not liable on the default judgment entered in state court.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment (**D.E. 33**) be, and the same is, hereby **GRANTED.** All pending matters, including Defendant's Counterclaim (**D.E. 7**) be, and the same are, hereby **DENIED as moot.** The Clerk of Court **SHALL CLOSE** this case.